TERENCE BOUTTE *v.* P. P. BRYANT, President of Police Jury.

Where a parish tax is levied to pay subscriptions of stock in corporations for works of internal improvement, the expenses of collecting such tax, must be borne by the parish, and not by the corporation.

APPEAL from the District Court of St. Martin,
A. *Deblanc*, for plaintiff and appellant. *E. Simon* and *H. J. Heard*, for defendant.

MERRICK, C. J. This suit is brought to compel the defendant, in his capacity of President of the Police Jury of the parish of St. Martin, to subscribe a draft in favor of the plaintiff on the Treasurer of the parish, for four hundred and ninety-five dollars.

The defence rests mainly on the legality of an ordinance of the Police Jury, and no objection is made to the form of proceeding in this case.

It appears, that at the June session of the Police Jury of the parish of St. Martin, *John E. Darly* was appointed collector of the railroad tax, levied on account of a subscription of stock to the Opelousas and Great Western Railroad Company ; his commissions at two and a half per centum, were recognized, and he was required to give bond in the sum of $70,000. At a session of the Police Jury held in September, *J. E. Darly* was treated as collector of the Railroad tax which had been subscribed by the parish of St. Martin, and instructions were given him by the Police Jury as to the institution of suits to test the legality of the tax imposed by the Police Jury.

At the same session of the Police Jury, the following resolution was adopted, viz:

" Resolved, that whatever happens, if Mr. *J. E. Darly* has done his duty, he be equally paid, and that he shall receive the sum of $495, amount of his commission, at two and a half per cent. on $220,000 ($22,000 ?) of notices served for the railroad tax."

This sum was afterwards recognized as due *J. E. Darly*, by the tableau of the probable expenses of the parish of St. Martin, published for the year 1854.

In March of the last mentioned year, the sum of $150 was voted to *J. E. Darly*, on account of his commissions for the collection of the railroad tax, under the charge of continuing to collect the tax. But *Darly* having refused to receive $150, the resolution was the same day rescinded.

The transfer of the claim of *Darly* to plaintiff, is made to appear by notarial act. The judgment of the lower court was in favor of the defendant.

It is contended, that the ordinance of the Police Jury, allowing a compensation to *J. E. Darly*, was illegal; that the Police Jury transcended their powers, and that all they could do was, " to pass an ordinance levying the tax, and to appoint a collector of said tax, and that the commissions which said collector would have been entitled to receive for the performance of his duties, form a legitimate charge against the Opelousas and Great Western Railroad Company, and not against defendant."

The Act approved the 12th of March, 1852, (Statutes of 1852, p. 128,) authorizes parish and municipal corporations to subscribe stock to corporations.

undertaking works of internal improvement, and provides for the levying of a tax on the landed estate situated in the parish, the rate of taxation, and the period or periods when it shall be payable.

The Police Jury are also empowered to take the bond from the tax collector, in such sum as they may deem necessary.

The company holding the stock of a parish, would have the same right to exact its payment in full, as it would have to exact such payment from a private individual, who was a stockholder. It must follow, that the Railroad Company cannot be charged with the expense of enforcing and collecting the taxes, and giving notices, &c. This charge properly falls upon the parish, which subscribed the stock.

We, therefore, see nothing illegal in the resolution of the Police Jury, awarding J. E. Darly, $495, and as this is the only serious reason urged why the President of the Police Jury should not sign the warrant on the parish Treasury, we will make the order prayed for.

It is therefore ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed; and proceeding to pronounce such judgment as should have been rendered by the said court: it is ordered, adjudged and decreed, by the court, that plaintiff's right to the sum of four hundred and ninety-five dollars allowed J. E. Darly, by the resolution of the Police Jury of the parish of St. Martin, on the 5th day of September, 1855, be recognized, and the said defendant, in his capacity of President of the Police Jury of St. Martin, is hereby ordered to subscribe and deliver his warrant on the Treasurer of the said parish, directing him to pay to the said plaintiff, the said sum of money; and it is further ordered, that said defendant pay the costs of both courts.